1  Karen V. Weil, Bar No. 145066
   David N. Weiss, Bar No. 180673
2  **Knobbe, Martens, Olson & Bear, LLP**
   10100 Santa Monica Boulevard, Suite 1600
3  Los Angeles, California  90067
   Telephone:   (310) 551-3450
4  Facsimile:   (310) 551-3458
   kweil@kmob.com
5  dweiss@kmob.com

6  Joseph F. Jennings, Bar No. 145920
   Thomas P. Krzeminski, Bar No. 213714
7  Karen M. Cassidy, Bar No. 272114
   **Knobbe, Martens, Olson & Bear, LLP**
8  2040 Main Street, Fourteenth Floor
   Irvine, California  92614
9  Telephone:   (949) 760-0404
   Facsimile:   (949) 760-9502
10 jjennings@kmob.com
   tpk@kmob.com
11 karen.cassidy@kmob.com

12 Attorneys for Plaintiffs and Counter-Defendant
   Henry Company LLC, Henry Company Canada, Inc.
13
   (List of Attorneys Continued on Next Page)
14

15             UNITED STATES DISTRICT COURT

16             CENTRAL DISTRICT OF CALIFORNIA

17 HENRY COMPANY LLC, HENRY            Case  No.     2:11-cv-06444-JFW-CW
   COMPANY CANADA, INC.
18                                     **STIPULATED PROTECTIVE**
           Plaintiffs,                 **ORDER**
19
   v.
20                                     *Note changes made by court*
   SASOL WAX NORTH AMERICA
21 CORP., SASOL WAX GmbH,

22         Defendants.

23 SASOL  WAX  NORTH  AMERICA
   CORP., SASOL WAX GmbH,
24
           Counter-Claimants,
25  v.

26 HENRY COMPANY LLC,

27         Counter-Defendant.

28

John A. O'Malley, Bar No. 101181
Lesley E. Swanson, Bar No. 271903
**Fulbright & Jaworski L.L.P.**
555 South Flower Street
Forty-First Floor
Los Angeles, California  90071
Telephone:   (213) 892-9200
Facsimile:    (213) 892-9494
jomalley@fulbright.com
lswanson@fulbright.com

Michael E. Wilson, Texas Bar No. 21704650
(admitted *pro hac vice*)
**Fulbright & Jaworski L.L.P.**
1301 McKinney, Suite 5100
Houston, Texas  77010
Telephone:   (713) 651-5151
Facsimile:    (713) 651-5246
mikewilson@fulbright.com

Attorneys for Defendants and Counter-Claimants
Sasol Wax North America Corp. and Sasol Wax GmbH

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court pursuant to Fed. R. Civ. P 26(c) to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Judge Walter's Standing Order (Dkt. No. 4) in this case and Civil Local Rule 79-5 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   <u>DEFINITIONS</u>

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    <u>House Counsel</u>: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that party.

2.12   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to

95503799.3

1   the Designating Party. Any use of Protected Material at trial shall be governed by a

2   separate agreement or order.

3   4.   DURATION

4       Even after final disposition of this litigation, the confidentiality obligations

5   imposed by this Order shall remain in effect until a Designating Party agrees

6   otherwise in writing or a court order otherwise directs. Final disposition shall be

7   deemed to be the later of (1) dismissal of all claims and defenses in this action, with

8   or without prejudice; and (2) final judgment herein after the completion and

9   exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

10  including the time limits for filing any motions or applications for extension of time

11  pursuant to applicable law.

12  5.   DESIGNATING PROTECTED MATERIAL

13      5.1   Exercise of Restraint and Care in Designating Material for Protection.

14  Each Party or Non-Party that designates information or items for protection under

15  this Order must take care to limit any such designation to specific material that

16  qualifies under the appropriate standards. To the extent it is practical to do so, the

17  Designating Party must designate for protection only those parts of material,

18  documents, items, or oral or written communications that qualify – so that other

19  portions of the material, documents, items, or communications for which protection

20  is not warranted are not swept unjustifiably within the ambit of this Order.

21      Mass, indiscriminate, or routinized designations are prohibited. Designations

22  that are shown to be clearly unjustified or that have been made for an improper

23  purpose (e.g., to unnecessarily encumber or retard the case development process or

24  to impose unnecessary expenses and burdens on other parties) expose the

25  Designating Party to sanctions.

26      If it comes to a Designating Party's attention that information or items that it

27  designated for protection do not qualify for protection at all or do not qualify for the

28

95503799.3

1   level of protection initially asserted, that Designating Party must promptly notify all

2   other Parties that it is withdrawing the mistaken designation.

3       5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in

4   this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

5   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

6   under this Order must be clearly so designated before the material is disclosed or

7   produced.

8       Designation in conformity with this Order requires:

9       (a) <u>for information in documentary form</u> (e.g., paper or electronic documents,

10  but excluding transcripts of depositions or other pretrial or trial proceedings), that

11  the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY

12  CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains

13  protected material. If only a portion or portions of the material on a page qualifies

14  for protection, the Producing Party also must clearly identify the protected

15  portion(s) (e.g., by making appropriate markings in the margins) and must specify,

16  for each portion, the level of protection being asserted.

17      A Party or Non-Party that makes original documents or materials available

18  for inspection need not designate them for protection until after the inspecting Party

19  has indicated which material it would like copied and produced. During the

20  inspection and before the designation, all of the material made available for

21  inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

22  ONLY." After the inspecting Party has identified the documents it wants copied

23  and produced, the Producing Party must determine which documents, or portions

24  thereof, qualify for protection under this Order. Then, before producing the

25  specified documents, the Producing Party must affix the appropriate legend

26  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

27  ONLY") to each page that contains Protected Material. If only a portion or portions

28  of the material on a page qualifies for protection, the Producing Party also must

95503799.3

1    clearly identify the protected portion(s) (e.g., by making appropriate markings in

2    the margins) and must specify, for each portion, the level of protection being

3    asserted.

4        (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,

5    that the Designating Party identify on the record, before the close of the deposition,

6    hearing, or other proceeding, all protected testimony and specify the level of

7    protection being asserted. When it is impractical to identify separately each portion

8    of testimony that is entitled to protection and it appears that substantial portions of

9    the testimony may qualify for protection, the Designating Party may invoke on the

10   record (before the deposition, hearing, or other proceeding is concluded) a right to

11   have up to 21 days to identify the specific portions of the testimony as to which

12   protection is sought and to specify the level of protection being asserted. Only those

13   portions of the testimony that are appropriately designated for protection within the

14   21 days shall be covered by the provisions of this Stipulated Protective Order.

15   Alternatively, a Designating Party may specify, at the deposition or up to 21 days

16   afterwards if that period is properly invoked, that the entire transcript shall be

17   treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

18   EYES ONLY."

19       Parties shall give the other parties notice if they reasonably expect a

20   deposition, hearing, or other proceeding to include Protected Material. ~~so that the~~

21   ~~other parties can ensure that only authorized individuals who have signed the~~

22   ~~"Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those~~

23   ~~proceedings~~. The use of a document as an exhibit at a deposition shall not in any

24   way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

25   – ATTORNEYS' EYES ONLY."

26       Transcripts containing Protected Material shall have an obvious legend on

27   the title page that the transcript contains Protected Material, and the title page shall

28   be followed by a list of all pages (including line numbers as appropriate) that have

95503799.3

been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

95503799.3

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge in accordance with Judge Walter's Standing Order in this case if it applies, and if not, in accordance with Civil Local Rule 37-1.  A Challenging Party may also provide the Designating Party a written notice identifying documents it intends to file with the court, but agreeing that such documents qualify for protection under Fed. R. Civ. P. 26(c), in order to initiate the Designating Party to file an application to file documents under seal.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly in accordance with Judge Walter's Standing Order in this case if it applies, and if not, in accordance with Civil Local Rule 37-1.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The Parties may proceed to the next stage of the challenge process only if they have engaged in this meet and confer process first or if the Challenging Party establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, and the challenge involves 3 or fewer documents, the Designating Party shall file and serve an application to file documents under seal within 2 court days after receipt of the written notice pursuant to Judge Walter's Standing Order in this case.  If the Parties cannot resolve a challenge without court intervention, and the challenge involves more than 3 documents, the Parties shall prepare a joint application to file documents under seal pursuant to Judge Walter's

95503799.3

Standing Order in this case.  The joint application shall be prepared in the manner and within the periods set forth in Civil Local Rule 37-2.  The Parties may agree to enlarge the period for dispute resolution and the period for filing an application to seal or a joint application to seal if such enlargement does not interfere with a Court imposed deadline.  Failure by the Designating Party to file an application to seal including the required declaration within the period(s) set forth above shall automatically waive the confidentiality designation for each challenged designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

95503799.3

Receiving   Party   may   disclose   any   information   or   item   designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary

95503799.3

STIPULATED PROTECTIVE ORDER

1  to disclose the information for this litigation;

2       (b) Designated House Counsel of the Receiving Party (1) to whom

3  disclosure is reasonably necessary for this litigation, (2) who has signed the

4  "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom

5  the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

6       (c) Experts of the Receiving Party (1) to whom disclosure is reasonably

7  necessary for this litigation, (2) who have signed the "Acknowledgment and

8  Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth

9  in paragraph 7.4(a)(2), below, have been followed;

10       (d) the court and its personnel;

11       (e) court reporters and their staff;

12       (f) the author or recipient of a document containing the information or a

13  custodian or other person who otherwise possessed or knew the information; and

14       (g) professional jury or trial consultants, and Professional Vendors to

15  whom disclosure is reasonably necessary for this litigation and who have signed the

16  "Acknowledgment and Agreement to Be Bound" (Exhibit A).

17     7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY</u>

18  <u>CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to</u>

19  <u>Designated House Counsel or Experts</u>.

20       (a)(1) Unless otherwise ordered by the court or agreed to in writing by the

21  Designating Party, a Party that seeks to disclose to Designated House Counsel any

22  information or item that has been designated "HIGHLY CONFIDENTIAL –

23  ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a

24  written request to the Designating Party that (1) sets forth the full name(s) of the

25  Designated House Counsel and the city and state of his or her residence and (2)

26  describes each Designated House Counsel's current and reasonably foreseeable

27  future primary job duties and responsibilities in sufficient detail to determine if

28  House Counsel is involved, or may become involved in any competitive decision-

95503799.3

making.  Sasol Wax GmbH and Sasol Wax North America Corp., together may designate a total of five (5) Designated House Counsel.  Henry Company LLC and Henry Company Canada, Inc. together may designate a total of five (5) Designated House Counsel.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 7 days of

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

95503799.3

1   delivering the request, the Party receives a written objection from the Designating

2   Party. Any such objection must set forth in detail the grounds on which it is based.

3         (c) A Party that receives a timely written objection must meet and confer

4   with the Designating Party (through direct voice to voice dialogue) to try to resolve

5   the matter by agreement within 7 days of the written objection. If no agreement is

6   reached, the Party seeking to make the disclosure to Designated House Counsel or

7   the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance

8   with Civil Local Rule 79-5 and Judge Walter's Standing Order, if applicable)

9   seeking permission from the court to do so. Any such motion must describe the

10   circumstances with specificity, set forth in detail the reasons why disclosure to

11   Designated House Counsel or the Expert is reasonably necessary, assess the risk of

12   harm that the disclosure would entail, and suggest any additional means that could

13   be used to reduce that risk. In addition, any such motion must be accompanied by a

14   competent declaration describing the parties' efforts to resolve the matter by

15   agreement (i.e., the extent and the content of the meet and confer discussions) and

16   setting forth the reasons advanced by the Designating Party for its refusal to

17   approve the disclosure.

18         In any such proceeding, the Party opposing disclosure to Designated

19   House Counsel or the Expert shall bear the burden of proving that the risk of harm

20   that the disclosure would entail (under the safeguards proposed) outweighs the

21   Receiving Party's need to disclose the Protected Material to its Designated House

22   Counsel or Expert.

23   8.   NOT USED

24   9.   NOT USED

25   10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

26         IN OTHER LITIGATION

27         If a Party is served with a subpoena or a court order issued in other litigation

28   that compels disclosure of any information or items designated in this action by

95503799.3

1   another   Party   or   Non-Party   as   "CONFIDENTIAL,"   or   "HIGHLY

2   CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

3        (a) promptly notify in writing the Designating Party (such notification

4   shall include a copy of the subpoena or court order);

5        (b) promptly notify in writing the party who caused the subpoena or order

6   to issue in the other litigation that some or all of the material covered by the

7   subpoena or order is subject to this Protective Order (such notification shall include

8   a copy of this Stipulated Protective Order); and

9        (c) cooperate with respect to all reasonable procedures sought to be

10  pursued by the Designating Party whose Protected Material may be affected.[2]

11       If the Designating Party timely seeks a protective order, the Party served with

12  the subpoena or court order shall not produce any information designated in this

13  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

14  EYES ONLY" before a determination by the court from which the subpoena or

15  order issued, unless the Party has obtained the Designating Party's written

16  permission. The Designating Party shall bear the burden and expense of seeking

17  protection in that court of its confidential material – and nothing in these provisions

18  should be construed as authorizing or encouraging a Receiving Party in this action

19  to disobey a lawful directive from another court.

20  11.   <u>A   NON-PARTY'S   PROTECTED   MATERIAL   SOUGHT   TO   BE</u>

21       <u>PRODUCED IN THIS LITIGATION</u>

22       (a) The terms of this Order are applicable to information produced by a

23  Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY

24  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced

25

26  _____

27  [2] The  purpose  of  imposing  these  duties  is  to  alert  the  interested  parties  to  the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the

28  subpoena or order issued.

by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[3] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.      <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

---

[3] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

95503799.3

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.  **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

14.  **MISCELLANEOUS**

14.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3  Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving

1   Party shall take measures necessary to ensure compliance.

2       14.4   <u>Filing Protected Material</u>. Without written permission from the

3   Designating Party or a court order secured after appropriate notice to all interested

4   persons, a Party may not file in the public record in this action any Protected

5   Material. A Party that seeks to file under seal any Protected Material must comply

6   with Civil Local Rule 79-5 and Judge Walter's Standing Order. Protected Material

7   may only be filed under seal pursuant to a court order authorizing the sealing of the

8   specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and Judge

9   Walter's Standing Order, a sealing order will issue only upon a request establishing

10  that the Protected Material at issue is privileged, protectable as a trade secret, or

11  otherwise entitled to protection under the law. If a Disclosing Party's request to file

12  Protected Material under seal pursuant to Civil Local Rule 79-5(d) or Judge

13  Walter's Standing Order is denied by the court, then the Receiving Party may file

14  the Protected Material in the public record unless otherwise instructed by the court.

15  15.   <u>FINAL DISPOSITION</u>

16      Within 60 days after the final disposition of this action, as defined in

17  paragraph 4, each Receiving Party must return all Protected Material to the

18  Producing Party or destroy such material. As used in this subdivision, "all Protected

19  Material" includes all copies, abstracts, compilations, summaries, and any other

20  format reproducing or capturing any of the Protected Material. Whether the

21  Protected Material is returned or destroyed, the Receiving Party must submit a

22  written certification to the Producing Party (and, if not the same person or entity, to

23  the Designating Party) by the 60 day deadline that (1) identifies (by category, where

24  appropriate) all the Protected Material that was returned or destroyed and (2)

25  affirms that the Receiving Party has not retained any copies, abstracts,

26  compilations, summaries or any other format reproducing or capturing any of the

27  Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

28  archival copy of all pleadings, motion papers, trial, deposition, and hearing

95503799.3

1   transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

2   reports, attorney work product, and consultant and expert work product, even if

3   such materials contain Protected Material. Any such archival copies that contain or

4   constitute Protected Material remain subject to this Protective Order as set forth in

5   Section 4 (DURATION).

6

7   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8
    Dated:                              John A. O'Malley, Bar No. 101181
9                                       Lesley E. Swanson, Bar No. 271903
                                        **Fulbright & Jaworski L.L.P.**
10                                      555 South Flower Street, Forty-First Floor
                                        Los Angeles, California  90071
11                                      Telephone:  (213) 892-9200
                                        Facsimile:   (213) 892-9494
12                                      jomalley@fulbright.com
                                        lswanson@fulbright.com
13
                                        Michael E. Wilson, Tx Bar No. 21704650
14                                      (admitted pro hac vice )
                                        **Fulbright & Jaworski L.L.P.**
15                                      1301 McKinney, Suite 5100
                                        Houston, Texas  77010
16                                      Telephone:  (713) 651-5151
                                        Facsimile:   (713) 651-5246
17                                      mikewilson@fulbright.com

18

19
                                        By _____
20
                                        Attorneys for Defendants and Counter-
21                                      Claimants Sasol Wax North America Corp.
                                        and Sasol Wax GmbH
22
                                        Karen V. Weil, Bar No. 145066
23   Dated:  May 1, 2012                David N. Weiss, Bar No. 180673
                                        **Knobbe, Martens, Olson & Bear, LLP**
24                                      10100 Santa Monica Boulevard, Suite 1600
                                        Los Angeles, California  90067
25                                      Telephone:  (310) 551-3450
                                        Facsimile:   (310) 551-3458
26                                      kweil@kmob.com
                                        dweiss@kmob.com
27

28

95503799.3

STIPULATED PROTECTIVE ORDER

Joseph F. Jennings, Bar No. 145920
Thomas P. Krzeminski, Bar No. 213714
Karen M. Cassidy, Bar No. 272114
**Knobbe, Martens, Olson & Bear, LLP**
2040 Main Street, Fourteenth Floor
Irvine, California  92614
Telephone:  (949) 760-0404
Facsimile:   (949) 760-9502
jjennings@kmob.com
tpk@kmob.com
karen.cassidy@kmob.com


By _____
Attorneys for Plaintiffs, Counter-Defendant
Henry  Company  LLC,  Henry  Company
Canada, Inc.

PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated: May 8, 2012          _____/s/_____
                                        The Honorable Carla Woehrle

95503799.3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of Henry Company LLC, Henry Company Canada, Inc. v. Sasol Wax North America Corp., Sasol Wax GmbH, Case No. 2:11-cv-06444-JFW-CW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                        [signature]

95503799.3